UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA D. QUINN,

     Plaintiff,

v.                                Case No.:  8:22-cv-913-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

## OPINION AND ORDER

Plaintiff Linda D. Quinn seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance on January 29, 2020, alleging disability beginning on September 26, 2012. (Tr. 170, 295-96). Plaintiff later amended her onset date to February 14, 2019. (Tr. 123). The application was denied initially and on reconsideration. (Tr. 170, 194). Plaintiff

requested a hearing, and on April 6, 2021, a hearing was held before Administrative Law Judge Amber Downs ("ALJ"). (Tr. 119-152). On June 18, 2021, the ALJ entered a decision finding Plaintiff not under a disability from February 14, 2019, through the date of the decision. (Tr. 29-41).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on February 14, 2022. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on April 19, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 20).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2022. (Tr. 31). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 14, 2019, the alleged onset date. (Tr. 31). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease in the cervical and lumbar spine; osteoarthritis of the right wrist and thumb; osteoarthritis of the left index finger; right wrist ganglion cyst; right carpal tunnel syndrome; right trochanteric bursa and right hip osteoarthritis; left knee meniscal tear and right knee osteoarthritis." (Tr. 31). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr.

34).

Before proceeding to step four, the ALJ found that Plaintiff had the following

RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, sit for 6 hours in an 8-hour day and stand and walk for 6 hours in an 8-hour day and push and pull as much as she can lift or carry. The claimant can occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, frequently balance, and occasionally stoop, kneel, crouch and crawl. The claimant can frequently handle and finger with right hand. Environmental limitations include frequent exposure to unprotected heights, moving mechanical parts, dust, odors, fumes and pulmonary irritants, and vibration and limited to a loud noise level.

(Tr. 34).

At step four, the ALJ determined that Plaintiff was capable of performing past

relevant work as a floral designer and legal assistant. (Tr. 39). The ALJ found that

this work does not require the performance of work-related activities precluded by

Plaintiff's RFC. (Tr. 39).

Alternatively, the ALJ continued to step five of the sequential evaluation. (Tr.

39). Considering Plaintiff's age (53 years old on the alleged disability onset date),

education (at least high school), work experience, transferability of work skills, and

RFC, the vocational expert testified that a person with Plaintiff's limitations could

perform such occupations as:

> (1)    appointment clerk, DOT 237.367-010, sedentary, SVP 3
>
> (2)    secretary, DOT 201.362-030, sedentary, SVP 3

(Tr. 40). The ALJ concluded that Plaintiff had not been under a disability from

February 14, 2019, through the date of the decision. (Tr. 40).

## II.    Analysis

On appeal, Plaintiff raises two issues. As stated by Plaintiff, they are: (1)

whether the ALJ failed to properly consider Plaintiff's severe impairments in finding

that Plaintiff could perform past work and that there was employment available in

the local and national economy; and (2) whether the ALJ failed to give proper weight

to Plaintiff's treating medical providers.[1]

### A.    Severe Impairments and Hypothetical to Vocational Expert

Plaintiff argues that the ALJ failed to list her headaches, depression, and

anxiety disorder as severe impairments even though there was record evidence of

these conditions. (Doc. 23, p. 3; Doc. 27, p. 1-2). In the Reply, Plaintiff argues that

---

[1] The majority of Plaintiff's Amended Brief and Reply contain summaries of the record or listings of Plaintiff's alleged impairments, and little discussion or citation to legal authority in support of the issues raised. (Doc. 23). Plaintiff almost reaches the threshold of forfeiting her challenges on these issues. *See Owens v. Soc. Sec. Admin., Comm'r*, No. 22-10677, 2023 WL 1794404, at *2 (11th Cir. Feb. 7, 2023) (citing *Harner v. Comm'r, Soc. Sec. Admin.*, 38 F.4th 892, 896 (11th Cir. 2022). Despite this lack of substance, the Court considered the issues specifically raised by Plaintiff on the merits.

the ALJ also disregarded her hip, hand, and migraine issues, which limited Plaintiff's ability to sit, perform fine manipulations, and maintain full-time employment. (Doc. 27, p. 1-2). Plaintiff also argues that the ALJ failed to list these conditions in the hypothetical to the vocational expert making her testimony unreliable. (Doc. 23, p. 3; Doc. 27, p. 1-2).

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities" 20 C.F.R. §§ 404.1522(a), 416.922(a). In other words, a severe impairment is an impairment or combination thereof that *significantly* limits a claimant's abilities to perform basic work activities. *See* SSR 85-28, 1985 WL 56856, *4 n.1; 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).

The severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The impairment must also last or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. The claimant bears the burden at step two of proving that

she has a severe impairment or combination of impairments. *O'Bier v. Comm'r of Soc. Sec. Admin.*, 338 F. App'x 796, 798 (11th Cir. 2009).

This inquiry "acts as a filter in that the finding of any severe impairment . . . is enough to satisfy the requirement of step two and allow the ALJ to proceed to step three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014) (internal citations omitted).

With this standard in mind, even if the ALJ should have characterized Plaintiff's mental or other physical impairments as severe, any error is harmless because the ALJ characterized other impairments –as stated above – as severe. (Tr. 31). The ALJ then advanced to step three of the sequential evaluation. *See Ball*, 714 F. App'x at 993. With step two satisfied, the issue then becomes whether the ALJ

considered all of Plaintiff's impairments, including her mental impairments and other physical impairments in assessing the RFC.[2]

To begin, the ALJ stated that she considered all of Plaintiff's impairments, individually and in combination in finding that they do not meet or equal a listing and considered all of Plaintiff's symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the medical evidence or other evidence. (Tr. 34).

Plaintiff argues that the ALJ did not consider her mental impairments. (Doc. 23, p. 3; Doc. 27, p. 1-2). Contrary to this argument, the ALJ considered Plaintiff's alleged mental impairments under the "paragraph B" criteria in the four broad functional areas. (Tr. 32-33). The ALJ found Plaintiff had no limitations in understanding, remembering, applying information, interacting with others, and adapting or managing oneself, and mild limitations in concentrating, persisting or maintaining pace. (Tr. 32-33). The ALJ explained Plaintiff's reported activities support these findings, which include: shopping; paying bills; counting change; handling financial accounts; crafting; researching; driving; going out alone;

---

[2] Plaintiff does not specifically argue that the ALJ failed to include limitations in the RFC for Plaintiff's mental or other physical impairments, but argues that the ALJ failed to include additional limitations in the hypothetical to the vocational expert. Plaintiff thus waived this issue on appeal. *See Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (finding in a social security case, issues not raised before the district court are waived)). Thus, the ALJ's RFC findings are established and must stand as uncontested. (Tr. 34).

watching movies; and watching television. (Tr. 32-33). After considering Plaintiff's mental impairments, the ALJ determined that Plaintiff's medically determinable mental impairments caused no more than mild limitations in any of the functional areas and the evidence did not otherwise indicate that there was more than a minimal limitation in Plaintiff's ability to do basic work activities and therefore any mental impairments were non-severe. (Tr. 33). And in finding at most mild impairments, the ALJ was not requirement to include any mental limitations in the RFC. *See Faircloth v. Comm'r of Soc. Sec.*, No. 6:21-cv-782-EJK, 2022 WL 2901218, at *2 (M.D. Fla. July 22, 2022) ("Notably, an ALJ is not required to include mental limitations in the RFC finding merely because he identified mild mental limitations in the PRT criteria.") (citing *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979-80 (11th Cir. 2016) (per curiam)). Substantial evidence supports the ALJ's findings on Plaintiff's mental impairments and RFC assessment.

In the Reply (Doc. 27), Plaintiff summarily argues that the ALJ did not consider all of Plaintiff's "relevant" impairments, including hip, hand, and migraine headache problems. (Doc. 27, p. 1-2).[3] This argument is unpersuasive. In the

---

[3] In the Reply, Plaintiff cites x-rays related to her cervical spine but makes no argument about limitations in the neck. So any issue related to the neck is waived. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived issue because she did not elaborate on claim or provide citation to authority on claim); *Grant v. Soc. Sec. Admin., Comm'r*, No. 21-12927, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022).

decision, the ALJ acknowledged Plaintiff's right hip pain and decreased range of motion, but also noted that Plaintiff had normal strength, no tenderness, normal gait, and good gross coordination. (Tr. 36-37). Plus, as the ALJ noted, at an August 2020 consultative exam, Plaintiff was in no acute distress, had no tenderness, and had normal appearing lower joints and limbs without tenderness or discomfort with motion. (Tr. 37). And Plaintiff was able to perform one-legged stance with each leg, had normal tandem gait with a bit of unsteadiness at first, and was able to walk on heels and toes. (Tr. 37).

Likewise, the ALJ considered Plaintiff's hand impairments. The ALJ noted that Plaintiff reported wrist and hand pain as well as numbness and loss of manual dexterity and treatment records related to these impairments. (Tr. 35). The ALJ further noted that at the August 2020 consultative exam, Plaintiff's hands had no gross deformity, normal gross and fine finger dexterity, and 4+/5 grip strength bilaterally. (Tr. 37). Plaintiff was also able to write, dress, turn door handles, and grip. (Tr. 37). Because of Plaintiff's slightly limited grip strength, the ALJ included a limitation to frequent handling and fingering with the right hand in the RFC. (Tr. 34). In sum, the ALJ thoroughly considered Plaintiff's hand complaints and any possible limitations stemming from them.

Similarly, the ALJ also acknowledged that Plaintiff alleged migraine headaches and that she testified she experienced around 18 migraines in the month

before the hearing. (Tr. 35). The ALJ found the allegations of migraine headaches inconsistent with the largely normal findings of no acute distress, full orientation, and lack of any findings suggesting migraine headaches or sensitivity to light or sound during office visits. (Tr. 35).

In short, the ALJ thoroughly considered all of Plaintiff's complaints, impairments, and limitations. Substantial evidence supports the ALJ's step two findings and the RFC assessment.

Plaintiff also argues that the ALJ failed to include all of Plaintiff's impairments and limitations in the hypothetical question posed to the vocational expert. (Doc. 23, p. 3; Doc. 27, p. 1-2). For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ need not include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

The ALJ included all of the limitations she found supported by the record in the hypothetical posed to the vocational expert. Substantial evidence supports this decision and supports the ALJ's reliance on the vocational expert's testimony.

**B.     Consideration of Dr. Steen's Letter and Tampa General Hospital Family Care Clinic**

Plaintiff next argues that the ALJ did not give proper weight[4] to a letter from April Steen, Ph.D., LCSW and records from Tampa General Hospital Family Care Clinic ("Tampa General"). (Doc. 23, p. 9). Plaintiff argues the ALJ completely disregarded the mental health limitations found by Dr. Steen and Tampa General. (Doc. 23, p. 9).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-

---

[4]  In her brief, Plaintiff argues the ALJ failed to properly weigh the records of Dr. Steen and Tampa General Family Care Clinic. (Doc. 23, p. 9-10). Recently, the Eleventh Circuit decided that the new regulations, specifically 20 C.F.R. § 404.1520c, apply to cases filed after March 27, 2017, such as this one. *See Harner v. Soc. Sec. Admin., Comm'r*, No. 21-12148, 2022 WL 2298528, at *4 (11th Cir. June 27, 2022). *Id.* at *3. Thus, the Court will consider the medical source opinion under the rubric of the new regulations.

ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R.

§ 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions

given these five factors, with the first two being the most important: (1)

supportability; (2) consistency; (3) relationship with the claimant, including the

length, frequency, and purpose of the examining and any treatment relationship; (4)

specialization; and (5) other factors, such as the source's familiarity with other

evidence concerning the claim, that tend to support or contradict the medical

opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may

but need not explain how he considers factors other than supportability and

consistency, unless two or more opinions are equally persuasive on the same issue.

20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective

medical evidence and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the

more persuasive the medical opinions or prior administrative medical finding(s) will

be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the

revised rules provide: "The more consistent a medical opinion(s) or prior

administrative medical finding(s) is with the evidence from other medical sources

and nonmedical sources in the claim, the more persuasive the medical opinion(s) or

prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

Based on a request from Plaintiff, Dr. Steen wrote a letter in January 2021 that summarized Plaintiff's treatment with her, beginning in 2011. (Tr. 716-18). Dr. Steen outlined Plaintiff's symptoms of excessive anxiety mainly based on her subjective statements. (Tr. 716-18). She summarized her findings:

> Mrs. Quinn is a pleasant 55-year-old woman. She suffers from significant mental health illness and deep-seated pain in her neck as a result of many different disease processes. Given her long and active athletic and work history, it is evident that she would work if she possibly could. She has made many attempts to maintain work only to have to quit due to the pain and lack of physical endurance which triggers her excessive anxiety and worry. Her severe chronic pain certainly could contribute to

> her depressed/distressed affect. Her ability to concentrate is
> severely impaired.
>
> If she were to be awarded disability benefits, I believe she
> would be able to manage her own funds without difficulty.

(Tr. 718). As explained above, a medical opinion reflects what a plaintiff can do

despite her impairments and whether any impairment causes limitations or

restrictions in certain areas. 20 C.F.R. §§ 404.1513(a)(2). These areas include:

"Your ability to perform mental demands of work activities, such as understanding;

remembering; maintaining concentration, persistence, or pace; carrying out

instructions; or responding appropriately to supervision, co-workers, or work

pressures in a work setting." 20 C.F.R. § 404.1513(a)(ii).

Dr. Steen found Plaintiff's ability to concentrate was severely impaired, which

arguably may fall within the definition of an opinion. (Tr. 718). Even if it does, the

ALJ considered Dr. Steen's opinion and noted just after it that certain treatment

records were: negative for mental symptoms; negative for dysphoric mood; negative

for nervousness or anxiety; and positive for normal mood and affect. (Tr. 38). Plus,

the ALJ noted that at an unrelated eye examination, Plaintiff was pleasant and

sociable. (Tr. 38). Although the ALJ did not specifically use the terms

"supportability" or "consistency," the ALJ impliedly found Dr. Steen's opinion

inconsistent with other evidence of record and thereby unpersuasive. Substantial

evidence supports the ALJ's consideration of Dr. Steen's opinion.

As to Plaintiff's contention regarding records from Tampa General, Plaintiff cites no specific records that support her contention that a provider at this facility provided an opinion. (Doc. 23, p. 9-10). Although Plaintiff argues the ALJ disregarded these records, the ALJ did in fact consider them. (*See* Tr. 31, 32, 36, 37). Plaintiff fails to establish that these records amount to medical opinions under the regulations. Thus, the ALJ need not consider the persuasiveness of these records or include some limitation in the hypothetical to the vocational expert based on them. Substantial evidence supports the ALJ's consideration of the medical evidence of record.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 24, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties